**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albert Lamar TILLMAN,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin Terrell TILLMAN,**
**Defendant–Appellant.**

**Nos. 92–9198, 92–9208.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 29, 1993.

---

**3.** Section 1001 authorizes a maximum punishment of $10,000 and a five-year prison term for such acts.

Ralph Scoccimaro, Brown & Scoccimaro, P.C., Albany, GA, for defendant-appellant in No. 92–9198.

Charles Calhoun, Asst. U.S. Atty., Macon, GA, for plaintiff-appellee in No. 92–9198.

K. Alan Dasher, Vansant, Corriere & McClure, P.C., Albany, GA, for defendant-appellant in No. 92–9208.

Charles Calhoun, Asst. U.S. Atty., Michael T. Solis, Macon, GA, for plaintiff-appellee in No. 92–9208.

Before TJOFLAT, Chief Judge, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Albert Lamar Tillman and Martin Terrell Tillman appeal their sentences for conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). They contend that the district court erred in attributing to them for sentencing purposes one and a half ounces of cocaine base which Albert Tillman agreed to obtain and sell to an undercover agent whom he robbed instead. Because the district court made no findings concerning whether the Tillmans intended to produce that quantity of cocaine base or were reasonably capable

of producing it, we remand this case for further proceedings.

## I. BACKGROUND

Albert and Martin Tillman pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base. The underlying facts, as summarized in the Presentencing Investigation Report (PSI), concern three transactions with a confidential informant and an undercover agent. The first two transactions involved the sale of a total of 12.7 grams of cocaine base. Both Tillmans admit that it was proper to hold them responsible for distribution of the 12.7 grams of cocaine base involved in those transactions.

In the third transaction, the undercover agent asked Albert Tillman to obtain and sell to the agent 42.525 grams, or one and a half ounces, of cocaine base. Albert Tillman agreed to do so, but as it turned out, no drugs actually changed hands. Instead, Albert Tillman arranged for two other co-defendants to rob the confidential informant and the undercover agent at gunpoint. Albert Tillman divided the proceeds of the robbery, which included $1,500 and a firearm, with those two co-defendants. The Tillmans argue that the district court erred in attributing to them for sentencing purposes the one and a half ounces of cocaine base that was never produced.

## II. DISCUSSION

■ The sentencing guidelines specifically address whether negotiated but undelivered amounts of drugs are to be counted in sentencing:

In an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

U.S.S.G. § 2D1.1, commentary note 12 (Nov. 1992). The issue in this case as to each defendant is whether that defendant both "did not intend to produce and was not reasonably capable of producing" the negotiated one and a half ounces of cocaine base involved in the third transaction. If either defendant intended to produce for sale *or* was capable of producing for sale the negotiated amount, he is to be responsible for it for sentencing purposes. In this context, to "produce" means to obtain or deliver, as well as to manufacture. As the Government concedes, it carries the burden of persuasion and must show either an intent to produce or a reasonable capability of producing the ounce and a half of cocaine base.

■ The problem in this case is that the district court did not make any factual findings as to whether each defendant intended to produce or was capable of producing the negotiated amount. In cases involving a negotiated but undelivered amount of drugs, district courts must make factual findings concerning the defendant's intent and capability in order for this Court to be able to review the sentence. Here, the absence of explicit factual findings precludes meaningful judicial review. Accordingly, we vacate the sentences of Albert Tillman and Martin Tillman and remand to the district court with instructions that it make specific findings as to each defendant's intent and capacity to produce the negotiated amount of one and one half ounces of cocaine base in the third transaction. After making such findings, the district court shall resentence the defendants accordingly.

■ Martin Tillman also argues that the third transaction was part of a separate conspiracy to commit robbery in which he was not involved, and that the third transaction was not within the scope of the conspiracy to distribute cocaine in which he did participate. On remand, the district court shall address this issue in its express findings of fact.

VACATED and REMANDED.